IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ACandS, INC.,<br>                Debtor. | ) Chapter 11<br>)<br>) Bankruptcy Case No. 02-12687 (JKF)<br>)<br>) |
| ACandS, INC.,<br>                Appellant,<br>    v.<br>TRAVELERS CASUALTY AND SURETY COMPANY,<br>                Appellee. | ) Civil Action No. 04-120 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |
| IREX CORPORATION,<br>                Appellant,<br>    v.<br>TRAVELERS CASUALTY AND SURETY COMPANY,<br>                Appellee. | ) Civil Action No. 04-121 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS,<br>                Appellant,<br>    v.<br>TRAVELERS CASUALTY AND SURETY COMPANY,<br>                Appellee. | ) Civil Action No. 04-122 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |
| LAWRENCE FITZPATRICK,<br>                Appellant,<br>    v.<br>TRAVELERS CASUALTY AND SURETY COMPANY,<br>                Appellee. | ) Civil Action No. 04-123 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEBTOR'S MOTION TO CONTINUE HEARING ON OBJECTIONS FILED
PURSUANT TO BANKRUPTCY RULE 9033 RE PROPOSED FINDINGS OF
FACT AND CONCLUSIONS OF LAW RE CHAPTER 11 PLAN CONFIRMATION**

ACandS, Inc., debtor and debtor in possession herein (the "Debtor"), hereby moves (the "Motion") this Court for entry of an order continuing hearing on (i) the *Objection of the Debtor, ACandS, Inc., and the Official Committee of Asbestos Personal Injury claimants to Certain Proposed Findings of Fact and Conclusions of Law re Chapter 11 Plan Confirmation Pursuant to Bankruptcy Rule 9033 and Motion to Confirm Plan of Reorganization* (the "9033 Objection") and, collectively with the FR 9033 Objection (defined below), the ("9033 Objections") and (ii) the *Objections of Future Claimants Representative Pursuant to Bankruptcy /Rule 9033 to the Proposed Findings of Fact of Conclusions of Law re Chapter 11 Plan Confirmation* (the "FR 9033 Objection"). The Debtor requests continuance of the hearings on the 9033 Objections from the hearings scheduled for July 13, 2005 to a date to be determined by this Court.[1] As discussed later, the appeals of the Proposed Findings (as hereinafter defined) have already been stayed.

The Debtor respectfully requests that the hearing on the 9033 Objections currently scheduled for July 13, 2005, not go forward on that date. Among other reasons, as set forth below, the Debtor is presently in the midst of negotiations with the Creditors' Committee (as hereinafter defined) with respect to the form and content of a potential revised plan of reorganization (a "Revised Plan") in light of the Third Circuit's decision in the <u>Combustion Engineering</u> cases. In light of these pending negotiations, which may ultimately result in the submission of a Revised Plan thereby suspending the need for consideration of the 9033

---

[1] Pursuant to a notification entered on this Court's docket, a hearing on the 9033 Objections has been scheduled for July 13, 2005, along with hearings on several other matters. No indiciation was provided on the docket regarding whether the July 13, 2005 hearing is expected to be a substantive hearing on the merits of the 9033 Objections or a status conference. The Debtor is filing this Motion based on the assumption that the July 13, 2005 hearing may be substantive in nature and, for the reasons set forth herein, should not go forward as scheduled.

Objections, it is appropriate that no substantive hearing go forward on the 9033 Objections pending the outcome of the negotiations.

### Background and Status of the Chapter 11

1. As of September 2002, the Debtor faced approximately 300,000 asbestos claims seeking damages for injuries allegedly caused by exposure to asbestos fibers in insulation products used at one time by the Debtor in its business.

2. The escalation in the costs of defense and settlement of asbestos-related claims against the Debtor due to numerous co-defendant bankruptcy filings, the difficulty the Debtor encountered in effectively defending cases in certain courts and the continued increase in new filings and verdicts, and the Debtor's increasing awareness that protracted litigation would be required to enforce the Debtor's coverage claims against its principal liability insurer, Travelers Casualty and Surety Company ("Travelers"), led the Debtor to determine that pursuing the bankruptcy process was the best means of equitably resolving the claims of existing and future asbestos claimants. Accordingly, on September 16, 2002, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor continues to operate its business as a debtor and debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in this case. On or about September 27, 2002, the United States Trustee appointed the Official Committee of Asbestos Personal Injury Claimants (the "Creditors' Committee").

4. A hearing was held on September 30, 2003, during which the Bankruptcy Court considered, among other things: (i) the Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Relating to ACandS' Plan of Reorganization dated

September 30, 2003 (the "Disclosure Statement") and (ii) ACandS' Motion for Entry of an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan of Reorganization; (II) Approving Forms of Ballots; and (III) Establishing a Record Date for Voting Purposes Only. On October 3, 2003, the Court entered an order approving the Disclosure Statement.

5.  On December 15, 2003, the Bankruptcy Court held a hearing ("Confirmation Hearing") to consider confirmation of the Plan. On January 26, 2004, the Bankruptcy Court entered the *Proposed Findings of Fact and Conclusions of Law Re Chapter 11 Plan Confirmation* (Docket No. 979, dated 1/26/04) (the "Proposed Findings") recommending denial of confirmation of the Debtor's Plan. By their terms, the Proposed Findings do not constitute an order of the Bankruptcy Court, but rather are proposed findings subject to de novo review by this Court[2] pursuant to Bankruptcy Rule 9033.

6.  On February 3, 2004, the Debtor filed a notice of appeal of the Proposed Findings as a precautionary measure given the Bankruptcy Rule 9033 objection procedure being utilized by the Debtor in respect of the Proposed Findings as described herein.[3] In addition, on February 5, 2004, the Debtor and the Creditors' Committee jointly filed the 9033 Objection seeking de novo review of the Bankruptcy Court's Proposed Findings and seeking confirmation of the Plan by this Court.[4]

---

[2] Court is defined as the United States District Court for the District of Delaware.
[3] Irex Corporation, the Creditors' Committee and the Futures Representative also filed notices of appeal on February 3, 4, and 5, 2004, respectively (collectively with the Debtor's notice of appeal, the "Appeals"). Travelers has moved to dismiss the Appeals and to strike the 9033 Objection (as defined herein).
[4] Irex Corporation filed a joinder to the 9033 Objection. In addition, the Futures Representative filed the FR 9033 Objection (Docket No. 1015, dated 2/5/04).

7. On February 17, 2004, in response to the 9033 Objections, Travelers filed *Travelers Casualty And Surety Company's And The Travelers Indemnity Company's Response And Opposition To: (1) "Objection To Certain Proposed Findings Of Fact And Conclusions Of Law Re Chapter 11 Plan Confirmation Pursuant To Bankruptcy Rule 9033 And Motion To Confirm Plan Of Reorganization" Filed By ACandS, Inc. And The Official Committee Of Asbestos Personal Injury Claimants [D.I. 1020]; (2) Joinder Of Irex Corporation [D.I. 1017]; And (3) "Objections Of The Future Claimants' Representative Pursuant To Bankruptcy Rule 9033 To The Proposed Findings Of Fact And Conclusions Of Law Re Chapter 11 Plan Confirmation"* ("Travelers' 9033 Response") (Docket No. 1065, dated 2/17/04).

8. In reply to Travelers' 9033 Response, the Debtor and the Creditors' Committee filed the *Debtor's Reply to "Travelers Casualty and Surety Company's and the Travelers Indemnity Company's Response and Opposition To: (1) "Objection to Certain Proposed Findings of Fact and Conclusions of Law Re Chapter 11 Plan Confirmation Pursuant to Bankruptcy Rule 9033 and Motion to Confirm Plan of Reorganization" Filed by ACandS, Inc. and the Official Committee of Asbestos Personal Injury Claimants [D.I. 1020]; (2) Joinder of Irex Corporation [D.I. 1017]; and (3) "Objections of the Future Claimants' Representative Pursuant to Bankruptcy Rule 9033 to the Proposed Findings of Fact and Conclusions of Law Re Chapter 11 Plan Confirmation" [D.I. 1015] [Docket No. 1065]* (Docket No. 1109, dated 3/2/04).

9. In addition, the Debtor moved to stay its appeal pending adjudication of the 9033 Objections by this Court by filing the *Motion Of ACandS, Inc., Debtor And Debtor-In-Possession, For A Stay Of Appellate Requirements Pending Review By The United States District Court For The District Of Delaware Of The Objection To Certain Proposed Findings Of Fact*

*And Conclusions Of Law Re: Chapter 11 Plan Confirmation Pursuant To Bankruptcy Rule 9033 And Motion To Confirm Plan Of Reorganization* (Docket No. 1024, dated 2/5/04) ("Stay Motion"). The Bankruptcy Court granted the Stay Motion, subject to further order of the District Court (Docket No. 1038, dated 2/10/04) ("Stay Order"). Subsequent to entry of the Stay Order, by way of a further order, the Bankruptcy Court clarified that the Appeals shall be stayed for all parties, subject to further order of this Court (Docket No. 1164, dated 3/30/04).

10. On April 19, 2004, the transcription of the record related to the Debtor's 9033 Objection (the "Transcription of the Record") was transmitted by the Clerk of the Bankruptcy Court from the Bankruptcy Court docket to the docket for the Debtor's Appeal in this Court.[5] See Case No. 04-CV-120, D.I. Nos. 16-27.

11. On December 30, 2004, in light of the opinion recently issued by the Third Circuit Court of Appeals ("Third Circuit") in the Combustion Engineering, Inc. Chapter 11 case (See In Re Combustion Engineering, Inc., 391 F.3d 109, 2004 WL 2743565 (12/2/04)) ("Combustion Engineering"), the Debtor submitted a letter to this Court requesting that the Court remand consideration of the Plan to the Bankruptcy Court to take additional evidence. See Letter from Laura Davis Jones to the Honorable Joseph J. Farnan, Jr., Dist. Ct. Case No. 04-120, D.I. 32, dated 12/30/04 ("Letter Requesting Remand," attached hereto).

12. The Future's Representative filed his own letter with this Court also requesting remand in light of Combustion Engineering. See Letter from Edwin Harron to the Honorable Joseph J. Farnan, Jr., Dist. Ct. Case No. 04-120, D.I. 33, dated 1/7/05 (attached

---

[5] The Debtor, by way of letter to the District Court (See *Letter to the Honorable Joseph J. Farnan, Jr. from the Debtor re: 9033 Objection and Transcription of the Record* [Case No. 04-CV-120 (JJF), D.I. 28, dated 5/6/04], advised the District Court that the Transcription of the Record relates to the 9033 Objection only (and not the Debtor's Appeal).

hereto). In addition, the Creditors' Committee filed a letter supporting the Debtor's request for remand. See Letter from Marla R. Eskin to the Honorable Joseph J. Farnan, Jr., Dist. Ct. Case No. 04-120, D.I. 35, dated 1/11/05 (a conformed copy of which is attached hereto).

13. In response to the Debtor's Letter Requesting Remand, Travelers filed a letter in which it has objected to the Debtor's request for remand. See Letter from Mary Beth Forshaw to the Honorable Joseph J. Farnan, Jr., Dist. Ct. Case No. 04-120, D.I. 34, dated 1/7/05 (attached hereto). This issue is *sub judice* before this Court.

14. This Court has scheduled a hearing on July 13, 2005, to consider the 9033 Objections, among other things.

15. As described above, the Debtor has commenced certain plan negotiations with the Creditors' Committee concerning the impact of Combustion Engineering and has made substantial progress in those negotiations. The Debtor remains of the firm conviction that the plan currently pending before this Court should be confirmed however, given the impact of Combustion Engineering, and in light of the progress which has been made in the negotiations with the Creditors' Committee, the Debtor has filed this Motion to request that the July 13, 2005 hearing be continued with respect to the 9033 Objections while such negotiations are ongoing. This Motion is limited to the 9033 Objections because the appeals of the Proposed Findings have already been stayed.

**Relief Requested**

16. The Debtor is presently negotiating the terms of a Revised Plan with the Creditors' Committee, taking into account the Third Circuit's dictates in the Combustion Engineering decision, and believes that, after initial discussions, the revisions being discussed

between the Debtor and the Creditors' Committee will also be acceptable to the Futures Representative.

17.     While substantial progress has been made in these plan negotiations, they are still at a sensitive stage, with substantial work remaining to be done regarding specific provisions of any Revised Plan. Accordingly, the Debtor submits that expending time and resources with respect to hearing on the 9033 Objections at this point in time may be unnecessary and wasteful since the end result of the ongoing negotiations may be a Revised Plan which, if confirmed, would supercede the Plan which is the subject of the 9033 Objection. Moreover, given the current status of the negotiations, moving forward with the 9033 Objections while negotiations are ongoing may, in fact, be counter-productive to achieving a favorable resolution in those negotiations.

18.     In any event, notwithstanding the current negotiations with respect to a revised Plan, the Debtor has also previously submitted that any consideration of its existing proposed Plan by the Court must be undertaken after further evidentiary review by the Bankruptcy Court. Such further review is necessary given that the Third Circuit's <u>Combustion Engineering</u> decision came down after the hearing on confirmation of the Debtor's proposed Plan was held before the Bankruptcy Court and the <u>Combustion Engineering</u> decision has raised new evidentiary issues which must be addressed before consideration of plan confirmation is appropriate before this Court.

19.     Accordingly, given the posture of negotiations between the parties, and the procedural posture of the 9033 Objections and Plan currently pending before this Court, the Debtor submits that it is reasonable and appropriate to continue consideration of the 9033

Objections pending a determination of whether a Revised Plan will be filed. If a Revised Plan is not filed, the Debtor submits it will then be appropriate to determine whether further proceedings must be held before the Bankruptcy Court before consideration of the existing Plan is properly undertaken before this Court.

### Notice

20. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) Counsel to the Committee; (iii) Counsel to Travelers; (iv) Counsel to the Futures Representative; and (v) all parties who have requested notice pursuant to Delaware Bankruptcy Local Rule 2002-1. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form attached hereto, continuing consideration of the 9033 Objections from the July 13, 2005 hearing date and granting such other and further relief as is just and proper.

Dated: June 24, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

/s/ Laura Davis Jones

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel to Debtor and Debtor-in-Possession